## Waukesha Malleable Iron Co. v. L. S. Kingman, Assignee.

1. APPELLATE COURT PRACTICE—*Pleas in Abatement to Writs of Error.*—A writ of error is a new suit and a plea in abatement is properly pleaded to the writ in the Appellate Court, the same as in actions at law in trial courts.

2. VOLUNTARY ASSIGNMENTS—*When the Insolvent's Estate is Closed.* —When the proceedings under a voluntary assignment in the County Court are completed and an order entered discharging the assignee, an interested party aggrieved may keep the proceedings open by taking an appeal and filing an appeal bond and so transfer the matter to a court of review; but if he fails to do so, the order of the County Court in closing the estate of the insolvent is final and conclusive.

3. SAME—*When a Writ of Error Will Not Lie to Review Proceedings Under.*—Where the proceedings of the County Court under a voluntary assignment have proceeded in due form of law to the final close, the assets distributed and the assignee discharged, the estate of the insolvent must be considered as closed to all intents and purposes, and can not be opened by the commencement of a new suit by a writ of error in the Appellate Court.

Voluntary Assignments.—Error to the County Court of Warren County; the Hon. T. G. PEACOCK, Judge, presiding. Demurrer to plea in abatement to the writ in this court overruled and writ of error quashed. Opinion filed July 12, 1901.

GANN & PEAKS and J. M. KIRKPATRICK, attorneys for plaintiff in error.

GRIER & STEWART, attorneys for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The Weir Plow Company made an assignment to L. S.

Kingman and said assignment was duly filed in the County Court of Warren County, and said County Court has jurisdiction of the assigned estate.   While the estate was being administered by and under the direction of said County Court, the Waukesha Malleable Iron Company, on September 27, 1899, filed in said court a petition asking that the assignee be ordered to pay it the sum of $503.10 for merchandise it had sold and delivered to the assignee to enable him to work up the material on hand and complete the manufacture of goods which said Weir Plow Company was making at the time of said assignment.   The assignee filed an answer to said petition setting up certain defenses on the merits as to said demand, and also that he had long since notified petitioner he would not pay said claim, but that petitioner took no steps to enforce it, and that in due process of the administration of his trust, and under the order of the court, he had paid out the assets and moneys which came to his hands, except certain uncollected notes and accounts, and that he now had no funds out of which he could pay any claim of petitioner.   Petitioner filed a reply to said answer and there was a trial in the County Court, and on August 6, 1900, the County Court dismissed the petition.   Petitioner prayed an appeal to this court, which was granted on condition that it file an appeal bond within sixty days.   Petitioner filed a bill of exceptions but did not perfect its appeal.   On January 4, 1901, petitioner filed in this court a certified copy of the record of the court below in said cause, with errors assigned thereon, and on January 5, 1901, sued out of this court a *scire facias* to hear the errors assigned, and caused it to be served upon said L. S. Kingman.   Thereupon Kingman filed in this court a plea in abatement of the writ of error and writ of *scire facias*.   To this plaintiff in error filed a general demurrer, and the cause has been submitted upon said demurrer.

The plea in abatement is in due form.   Omitting its formal parts, its substance is as follows :   After setting up the assignment and the acceptance, the filing of the petition of plaintiff in error, the assignee's answer, the hearing and order of August 6, 1900, dismissing the petition, sub

stantially as we have already stated, it avers this is the order sought to be reviewed in this proceeding. The plea further avers that on December 20, 1900, and before the issuing of the writ of error or writ of *scire facias* herein, said Kingman, as such assignee, rendered to said County Court his final report as such assignee, showing a completion of the administration of the assets of the Weir Plow Company, and that all the assets of said Weir Plow Company had been exhausted and administered; that on said December 20, 1900, said County Court entered an order declaring the trust closed and discharging Kingman as such assignee; that said order still remains in full force and unappealed from; that thereby said trust under said assignment was completely performed, administered and at an end, said Kingman, as such assignee, discharged and said trust closed, and said Kingman was no longer assignee of said Weir Plow Company. The plea further avers that at the time of the suing out of the writ of error and writ of *scire facias*, said Kingman was not nor has he since been, nor is he now, the assignee of said Weir Plow Company, nor has there been any one appointed as such assignee in his place or as his successor; but that all the assets of said Weir Plow Company were fully administered and paid out upon the indebtedness of said Weir Plow Company and the expenses of administering the trust, before said writ of error or said writ of *scire facias* was issued.

1. A writ of error is a new suit. The proceeding prosecuted in the court below by plaintiff in error upon its petition was fully terminated when, at the end of sixty days allowed, it had failed to file an appeal bond. No doubt if it had filed an appeal bond and so kept the proceeding alive and transferred it to this court, the court below could not lawfully have closed the estate and discharged the assignee, because part of the administration of the estate would not in fact have been terminated. But we can not assent to the position here taken by plaintiff in error that the order of the County Court closing the estate is void, the legal result of which would be that the County Court has no power to distribute the assets to creditors and close an assignment

Waukesha Malleable Iron Co. v. Kingman.

proceeding till five years after the last order was entered from which a writ of error could be prosecuted. None of the authorities cited warrant such a conclusion. On the other hand, we hold that a creditor aggrieved by a final order in such a proceeding must perfect an appeal therefrom, or if he proceeds by writ of error, must at his peril, see to it that jurisdiction in his new action is obtained before the assets are distributed and the estate closed. The rule contended for by plaintiff in error would make it practically impossible to close an assignment proceeding if dissatisfied parties chose to prevent it.

2.  Plaintiff in error asserts it has the right to prosecute this writ of error, notwithstanding said estate is closed, because Kingman is personally liable to it, and can not escape personal liability in this suit; and that it has a right to hold him personally liable in this cause. This is a misapprehension of the nature of this proceeding. If Kingman is personally liable to plaintiff in error for the goods in question, that personal liability can only be enforced by an action of assumpsit or some other appropriate common law action, wherein issues would be made up and tried by a jury. This was not in any respect such an action. It was an application by plaintiff in error to the County Court invoking it to exercise its summary powers in an assignment proceeding then pending before it. No one had the right to have an issue at law made up, nor a trial by jury. The petition did not seek any personal remedy against Kingman, and the County Court had no authority to grant any such personal remedy in that proceeding. It could only control and act upon Kingman in his capacity as assignee.

As the plea shows that there is now, and was when this writ of error and *scire facias* were sued out, no assignee of the Weir Plow Company, no estate, and no court having jurisdiction to enter any order relating to said assignment and assignee and estate, we are of opinion the plea is valid. The demurrer to the plea will therefore be overruled, and judgment will be entered quashing the writ of error and the *scire facias,* at the costs of plaintiff in error.